**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 11-51058-DT

v.

HONORABLE DENISE PAGE HOOD

GUY Y. CHENG,

    Principal Defendant,

v.

BROOKLYN CHIROPRACTIC CLINIC, P.C.,

    Garnishee Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST**
**GARNISHEE DEFENDANT BROOKLYN CHIROPRACTIC CLINIC, P.C.**

    This matter is before the Court on the United States of America's Ex-Parte Motion for Entry of Default Judgment Against Garnishee Brooklyn Chiropractic Clinic, P.C. pursuant to MCR 3.101(S).  The Court denies without prejudice the motion since MCR 3.101(S) does not govern the entry of default or default judgments under the Federal Rules of Civil Procedure.  Even if the United States had cited the appropriate rule for entry of default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court would deny the motion for default judgment since no Clerk's Entry of Default had yet been requested or entered by the Clerk.

    The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment.  *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986).  Rule 55(a) provides: "When a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk shall enter the party's default." It is only *after the Clerk* enters a default may a party move for default judgment under Fed. R. Civ. P. Rule 55(b)(2).

Accordingly,

IT IS ORDERED that the United States of America's Ex-Parte Motion for Entry of Default Judgment Against Garnishee Brooklyn Chiropractic Clinic, P.C. pursuant to MCR 3.101(S) **(Doc. No. 10, filed 4/23/2012)** is DENIED without prejudice.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: May 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager